# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.

CEEG (Shanghai) Solar Science & Technology Co., Ltd.,

      Petitioner,

v.

LUMOS LLC, now known as LUMOS SOLAR LLC,

      Respondent.

---

# PETITION TO CONFIRM ARBITRATION AWARD
# AND FOR ENTRY OF JUDGMENT

---

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 201 *et seq*., and the underlying arbitration agreement, Petitioner CEEG (Shanghai) Solar Science & Technology Co., Ltd. ("CEEG"), by and through their attorneys, Fairfield and Woods, P.C., submits this Petition to Confirm Arbitration Award and for Entry of Judgment ("Petition"), and in support thereof states as follows:

## I. THE PARTIES

1. Petitioner CEEG (Shanghai) Solar Science & Technology Co., Ltd. (hereinafter, "CEEG"), is a Chinese company domiciled in Shanghai at Building 2, No. 68, Gangde Road, Xiaokunshan Town, Songjiang District, Shanghai Municipality, China.

2. Respondent LUMOS LLC, now known as LUMOS SOLAR LLC (hereinafter "LUMOS"), is a Delaware limited liability company registered as a foreign limited liability

company in the State of Colorado with its principal office in Boulder, Colorado, at 3550 Frontier Avenue, # C2, Boulder, Colorado, USA.  On May 13, 2014, LUMOS LLC changed its name to LUMOS SOLAR LLC.  A certificate of entity name change from the Colorado Secretary of State is attached hereto as **Exhibit 1**.

## II.    JURISDICTION AND VENUE

3.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203, which states, "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."  9 U.S.C. § 203.  Since this action is based on a contract and arbitration award that falls under the New York Convention, jurisdiction is proper in United States District Court.

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 204 because LUMOS resides in Boulder, Colorado, and took delivery of the goods in Denver, Colorado.  Thus, the District of Colorado is the appropriate federal district in which to bring this Petition.

## III.   FACTUAL BACKGROUND

5.      On May 14, 2010, CEEG and LUMOS entered into a commercial agreement stipulating that CEEG shall sell solar battery modules to LUMOS and that LUMOS shall pay off the money for the goods within 60 days from the departure date of the goods as listed on the bill of lading ("Sales Contract").  A redacted copy of the Sales Contract between CEEG and LUMOS is attached as Exhibit C to the Declaration of Liu Qian attached hereto as **Exhibit 2**.  A certified

and unredacted copy of the Sales Contract, **Exhibit 3**, is attached as a restricted document to CEEG's concurrent Motion to Restrict Public Access (Level 1) in Connection with Petition to Confirm Arbitration Award and for Entry of Judgment.

6.      CEEG delivered solar battery modules to LUMOS on October 23, 2010, and November 21, 2010, but in violation of the contractual agreement, LUMOS failed to pay the total amount due by the relative deadlines.

7.      After two years with no payment and multiple unsuccessful requests from CEEG for payment, on March 22, 2013, CEEG submitted an arbitration application to the China International Economic and Trade Arbitration Commission Shanghai Branch (now renamed as "Shanghai International Economic and Trade Arbitration Commission," also known as the "Shanghai International Arbitration Center" (referred to hereinafter as the "Commission") to handle the dispute with LUMOS pursuant to the arbitration clause set out in the Sales Contract. *See* Exhibit C of Exhibit 2, ¶ 15.

8.      CEEG alleged LUMOS breached the Sales Contract and sought to recover the overdue payment, interest on the overdue payment, exchange losses, attorneys' fees and the arbitration costs.  LUMOS alleged that the goods delivered by CEEG had quality defects and therefore should have been reduced in price.

9.      On April 1, 2013, the Commission accepted the arbitration and pursuant to the Sales Contract, the arbitration was governed by the Commission's arbitration rules in effect at the time of applying for arbitration (the Arbitration Rules of China International Economic and Trade Arbitration Commission Shanghai Branch implemented May 1, 2012).

10.     The arbitration tribunal was established on May 27, 2013, after all three arbitrators signed the Arbitrator's Declaration.

11.     On September 14, 2013, the arbitration tribunal opened a court session to hear the case in the location of the Commission (Shanghai).  The arbitration attorneys of both CEEG and LUMOS appeared in the court for hearing and exchanged evidence and argued their positions. Both parties made post hearing submissions.

12.     On December 12, 2013, the arbitration tribunal opened the court session for the second time and the attorneys for both CEEG and LUMOS appeared and made further presentations of facts and legal issues in the case.  Both parties again made post hearing submissions.

13.     On June 13, 2014, the arbitration tribunal issued a detailed 38-page award in Chinese (the "Award").  Certified copies of the Award in Chinese and in English are attached as Exhibit A and Exhibit B, respectively, to Exhibit 2; *see also* Exhibit A (certified English translation of Award) to the Declaration of Translator attached hereto as **Exhibit 4**.  The tribunal found that LUMOS had breached its payment obligation under the Sales Contract and rejected LUMOS' quality defect defense based on lack of jurisdiction.  Based on these findings, the tribunal ordered LUMOS to pay the amounts set forth in the Award as follows:

> a.     $1,372,445.10 for two outstanding payments for goods;
>
> b.     $74,991.00 in interest for the overdue payment, along with the interest for the overdue payment calculated from March 8, 2013, to the actual payment date with the annual interest rate at 2.53%;

    c.    $103,006.25 in costs due to changes in foreign currency exchange rates (converted from RMB633,489.67 based on the currency exchange rate as of September 29, 2014);

    d.    $37,398.40 in attorneys' fees (converted from RMB230,000 based on the currency exchange rate as of September 29, 2014); and

    e.    $33,041.29 in arbitration costs (converted from RMB203,203.80 based on the currency exchange rate as of September 29, 2014).

14.    CEEG now seeks to confirm the Award and have a judgment entered against LUMOS.

## IV.    ARGUMENT

15.    The confirmation of such an award is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention), as implemented by the Federal Arbitration Act, 9 U.S.C. § 201 *et seq*. The rules set forth in the New York Convention and the Federal Arbitration Act result from the strong congressional policy favoring the resolution of disputes through arbitration. They are clear and thus leave little room for discretion by the Court. Since CEEG has satisfied all such applicable requirements, it respectfully requests that the Court confirm the arbitration award and enter judgment accordingly.

16.    Under Article I of the New York Convention and 9 U.S.C. § 202, the New York Convention governs the confirmation of an arbitral award when, as in this case, the arbitral award is made in a country other than the one where enforcement is sought. New York Convention, art. I(1). The New York Convention also applies when the award is not considered

a "domestic" award in the country where its enforcement is sought.  *Id*; *see Jain v. de Mere*, 51 F.3d 686, 688-89 (7th Cir. 1995); *see also Riley v. Kingsley Underwriting Agencies, Ltd*., 969 F.2d 953, 959 (10th Cir. 1992) (Chapter 2 of Federal Arbitration Act mandates enforcement of a written commercial arbitral agreement involving a party that is not an American citizen) (citing *Ledee v. Ceramiche Ragno*, 684 F.2d 184, 186-87 (1st Cir. 1982)); *Filanto, S.p.A. v. Chilewich Int'l Corp.*, 789 F. Supp. 1229, 1237 (S.D.N.Y. 1992) (one criteria of the New York Convention clearly satisfied where one of the parties was an Italian corporation); *see also Ministry of Defense of the Islamic Republic of Iran v. Gould Inc*., 887 F.2d 1357, 1362 (9th Cir. 1989) (holding that the award at issue was "obviously not domestic in nature because Iran [was] one of the parties to the agreement"); *Bergesen v. Joseph Muller Corp*., 710 F.2d 928, 932 (2d Cir. 1983) (New York Convention governs awards "involving parties domiciled or having their principal place of business outside the enforcing jurisdiction"); *see also* 9 U.S.C. § 202.

17.     Additionally, the New York Convention only applies to awards that arise out of relationships considered "commercial" in nature and only to awards made in countries that are parties to the New York Convention.  New York Convention, art. I(3).

18.     The Commission's arbitration ruling and award was the final result from a commercial contract dispute.  *See* Exhibit B to Exhibit 2.  Moreover, CEEG, a <u>Chinese</u> company, submits this Petition to collect on a <u>Chinese</u> arbitral award entered against LUMOS, a <u>United States</u> company.  Both China and the United States are signatories to the New York Convention. The New York convention clearly applies.

19.     "Any party to the arbitration may apply for an order confirming the award as against any other party to the arbitration."  9 U.S.C. § 207.  Federal district courts possess

jurisdiction to confirm such awards falling under the New York Convention, "within three years after" they are made.  *Id.*  Since the Commission made its ruling on June 13, 2014, CEEG is still well within the period of limitations to petition the Court for enforcement of the award.

20.     The law governing the confirmation of foreign arbitral awards is clear and stems from the strong congressional policy favoring the resolution of disputes through arbitration.  *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  The New York Convention and its implementing legislation "have enforcement bias, a policy long recognized by the Supreme Court."  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1120 (9th Cir. 2002) (citing *Sherk v. Alberto-Culver Co*., 417 U.S. 506, 520 n.15 (1974)).  This body of law leaves no doubt that the Court should grant CEEG's Petition and enter judgment confirming the Award.

21.     A petition to enforce an award is an expedited proceeding treated as a motion under the Federal rules.  *See* 9 U.S.C. § 6 (petition to enforce non-New York Convention award treated as motion); 9 U.S.C. § 208 (chapter 1 of Federal Arbitration Act applies to New York Convention awards unless inconsistent); *Int'l Standard Elec. Corp. v. Bridas Sociedad Anonima Petrolera, Indus. Y Comercial*, 745 F. Supp. 172, 182 (S.D.N.Y. 1990) ("A confirmation proceeding under the [New York] Convention is not an original action, it is, rather in the nature of a post-judgment enforcement proceeding." (alterations and internal quotation marks omitted)).

22.     Under Article IV of the New York Convention, "[t]o obtain the recognition and enforcement" of an arbitral award, the petitioning party must simply provide "[t]he duly authenticated original award or a duly certified copy thereof," and "[t]he original agreement" or a duly certified copy thereof.  *See* New York Convention, art. IV(1); *Linsen Int'l Ltd. v. Humpuss*

*Sea Transp. PTE LTD*, No. 09-CV-10393-GBD, 2011 WL 1795813, at *2 (S.D.N.Y. Apr. 29,

2011) (attorney-verified copy of agreement satisfied New York Convention Requirement);

*Arbitration between Overseas Cosmos, Inc. & NR Vessel Corp.*, No. 97-CV-5898-DC, 1997 WL

757041, at *5 (S.D.N.Y. Dec. 8, 1997) (same).

23.     Confirmation of international commercial arbitration awards is a summary

proceeding not intended to involve complex factual determinations.  *Zeiler v. Deitsch*, 500 F.3d

157, 169 (2d Cir. 2007); *Dingo, Inc. v. Who Ya Gonna Call Bark Busters Pty., Ltd.*, No. 12-CV-

02583-PAB-KMT, 2013 WL 3357662, at *1 (D. Colo. July 3, 2013) (confirmation of an

arbitration award is a summary procedure").  "The court shall confirm the award unless it finds

one of the grounds for refusal or deferral or recognition or enforcement of the award specified in

the [New York] Convention."  9 U.S.C. § 207 (emphasis added); *Cobra N. Am., LLC v. Cold Cut

Sys. Svenska AB*, No. 08-CV-00873-DME-CBS, 2009 WL 4506404, at *3 (D. Colo. Nov. 30,

2009) (citing mandatory language of 9 U.S.C. § 207 and confirming arbitration award under

New York Convention); *see also Glencore*, 284 F.3d at 1120 (mandatory language of Federal

Arbitration Act leaves court with "little discretion").  The arbitrator's decision should be

enforced if it draws its essence from the parties' agreements and is not merely the arbitrator's

own brand of industrial justice.  *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363

U.S. 593, 597 (1960).  The Respondent bears the burden of proving that the Court should refuse

enforcement.  *See, e.g., Industrial Risk Ins. v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434,

1442 (11th Cir. 1998); *Cobra*, 2009 WL 4506404, at *3.

24.     CEEG has provided the required certified copies of the Award and the underlying

arbitration agreement, Exhibits A, B and C to Exhibit 2 and Exhibit A to Exhibit 4, and LUMOS

cannot demonstrate that any ground for refusing to enforce the Award applies.  Accordingly, the Court should enter judgment confirming the Award pursuant to the New York Convention and the Federal Arbitration Act.

25.     Lastly, pursuant to C.R.S. §§ 13-22-225, 13-22-505 and Fed. R. Civ. P. 54(d)(1), CEEG seeks reasonable attorney fees, expenses, and costs incurred in this proceeding upon confirmation of the Award and entry of judgment.

## V.     CONCLUSION

26.     For the foregoing reasons, CEEG is entitled to confirmation of the Award and entry of judgment.

WHEREFORE, for the foregoing reasons, CEEG respectfully prays that the Court

(a)     grant CEEG's Petition to Confirm Arbitration Award and for Entry of Judgment;

(b)     confirm the Award against LUMOS;

(c)     enter a judgment in the amount of the Award as follows:

    i.     $1,372,445.10 for two outstanding payments for goods;

    ii.     $74,991.00 in interest for the overdue payment, along with the interest for the overdue payment calculated from March 8, 2013, to the actual payment date with the annual interest rate at 2.53%;

    iii.     $103,006.25 in costs due to changes in foreign currency exchange rates (converted from RMB633,489.67 based on the currency exchange rate as of September 29, 2014);

iv.      $37,398.40 in attorneys' fees (converted from RMB230,000 based on the currency exchange rate as of September 29, 2014); and

v.      $33,041.29 in arbitration costs (converted from RMB203,203.80 based on the currency exchange rate as of September 29, 2014);

(d)      grant CEEG the reasonable attorneys' fees, expenses, and costs of this proceeding; and

(e)      for such other and further relief as the Court deems appropriate.

Respectfully submitted this 19th day of November, 2014.

FAIRFIELD AND WOODS, P.C.


By:    *s/ John S. Lutz*
        John S. Lutz, Reg. #0870
        Courtney P. Hirsekorn, Reg. #46510
        Fairfield and Woods, P.C.
        1801 California Street, Suite 2600
        Denver, Colorado  80202
        (303) 830-2400
        (303) 830-1033 (fax)
        Email:  jlutz@fwlaw.com
        chirsekorn@fwlaw.com


ATTORNEYS FOR THE PETITIONER

Address of Plaintiff:
Building 2, No. 68, Gangde Road,
Xiaokunshan Town, Songjiang District,
Shanghai Municipality, China